NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**CHARLES FLYNN,**
*Petitioner*

**v.**

**DEPARTMENT OF STATE,**
*Respondent*

---

2022-1220

---

Petition for review of the Merit Systems Protection Board in No. DC-4324-21-0367-I-1.

---

Decided: May 15, 2023

---

BRIAN J. LAWLER, Pilot Law, PC, San Diego, CA, argued for petitioner.

MARGARET JANTZEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, PATRICIA M. MCCARTHY.

---

Before LOURIE, HUGHES, and STARK, *Circuit Judges*.

HUGHES, *Circuit Judge*.

Charles Flynn appeals the final decision of the Merit Systems Protection Board denying his request for differential pay for his military service in the Army Reserve. Because our holdings in *Adams v. Department of Homeland Security*, 3 F.4th 1375 (Fed. Cir. 2021) and *Nordby v. Social Security Administration*, No. 21-2280 (Fed. Cir. May 11, 2023) dictate that the entitlement to differential pay under 5 U.S.C. § 5538(a) and 10 U.S.C. § 101(a)(13)(B) requires the employee to serve in a contingency operation, we affirm.

I

The facts and procedural history of this appeal largely mirror those laid out in *Nordby*. In *Nordby*, the federal employee was activated under 10 U.S.C. § 12301(d) to serve in the military. Upon conclusion of his service, he requested differential pay to make up the difference between the military and civilian compensation. The agency denied the request, determining that military service under 10 U.S.C. § 12301(d) does not qualify for differential pay under 5 U.S.C. § 5538. The Board affirmed.

Similarly, Mr. Flynn was employed by the United States Department of State as a Special Agent in the Bureau of Diplomatic Security. He also served as Lieutenant Colonel in the United States Army Reserve. From March 2020 to March 2022, he performed active duty under 10 U.S.C. § 12301 (d) at the Office of Military Commissions at the Pentagon, providing support on a variety of legal issues. For this duty period, he requested differential pay from the agency. The agency denied his request, determining that those called to voluntary active duty pursuant to 10 U.S.C. § 12301(d) are not entitled to differential pay under 5 U.S.C. § 5538(a). He appealed the decision to the Merit Systems Protection Board. The Board affirmed, holding that he was not entitled to differential pay as a matter

of law because his activation orders under 10 U.S.C. § 12301(d) did not qualify as a contingency operation, for which differential pay could be awarded under 5 U.S.C §5538.

Mr. Flynn now appeals.

## II

We set aside the Board's decision only if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Legal conclusions by the Board are reviewed de novo. *Wrocklage v. Dep't of Homeland Sec.*, 769 F.3d 1363, 1366 (Fed. Cir. 2014).

## III

Mr. Flynn concedes that our holding in *Adams* affects the outcome of this case. Pet. Br. vi, 4–5. He dedicates all of his argument to challenging *Adams* and does not purport to show how his activation under 10 U.S.C. § 12301(d) warrants a different outcome from that of *Adams*. He also concedes that the petitioners in *Nordby* raise the same question: whether federal employees activated under 10 U.S.C. § 12301(d) are entitled to differential pay under 5 U.S.C. § 5538(a). Pet. Br. vi, 5.

The factual and procedural similarities between *Nordby* and this case compel us to reach the same outcome here. To receive differential pay, an employee "must have served pursuant to a call to active duty that meets the statutory definition of contingency operation." *Adams*, 3 F.4th at 1378; *Nordby*, No. 21-2280. slip op. at 4. And for voluntary activation under 10 U.S.C. § 12301(d) to qualify as a contingency operation, "there must be a connection between the voluntary military service and the declared national emergency." *Nordby*, No. 21-2280. slip op. at 5. But Mr. Flynn has not alleged any connection between his

service and an ongoing national emergency, and thus failed to demonstrate that his voluntary, active service under 10 U.S.C. § 12301(d) met the statutory definition of a contingency operation. Accordingly, we hold that the Board properly denied differential pay and affirm the decision of the Board.

## AFFIRMED

COSTS

No costs.